UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 08-482-KSF

JORDACHE W. ROBINSON                                                                                    PLAINTIFF

v.                                              **OPINION & ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                        DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Jordache W. Robinson, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for period of disability and disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Robinson filed his claim for DIB and SSI, alleging an onset date of August 19, 2005. After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on January 10, 2008. (TR 13).

At the time the ALJ rendered his decision, Robinson was 27 years old. Robinson has a high school education and past relevant work as a truck loader and an animal shelter laborer. (TR 23, 94-95) Robinson claims that he is unable to work because he suffers mental impairments. In support of his application for benefits, Robinson points generally to the diagnosis of Dr. David Shraberg, a psychiatrist, as evidence that he is disabled and unable to work. Dr. Shraberg's October 2007 assessment was conducted as part of guardianship proceedings.

1

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2) If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

(5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

In this matter, the ALJ first noted that Robinson meets the insured status requirements of the Social Security Act and thus is eligible to apply for benefits. (TR 18). Then, the ALJ began his analysis at Step One by noting that Robinson had significant earnings posted to his account for all four quarters of 2005 and in the first two quarters of 2006, and may have been engaging in substantial gainful activity after his alleged onset date. Since the medical evidence demonstrated that Robinson is capable of working and the claim can be denied at Step 4, however, the ALJ denied the claim at that Step instead of delaying the issuance of a decision to definitively determine whether Robinson had in fact engaged in substantial gainful activity at any time after the alleged onset date. (TR 18). At Step Two, the ALJ found that Robinson suffers from the severe of borderline intellectual functioning. (TR 18). Continuing on to Step Three, the ALJ determined that this impairment is not associated with clinical signs and findings that meet or equal in severity any of the listed impairments. (TR 19).

At Step Four, the ALJ found that Robinson has the residual functional capacity ("RFC") to perform the exertional demands of heavy work but with the following nonexertional limitations: he requires entry level work with simple 1-2 step instructions, no frequent changes in work routines, no requirements for detailed or complex problem solving, independent planning or goal setting, and no requirement for advanced literacy, such as proof-reader. (TR 20) An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1).

Based on this RFC and the testimony of the Vocational Expert ("VE"), the ALJ found that Robinson is able to return to his past relevant work as a truck loader or an animal shelter laborer.

(TR 23). Consequently, the ALJ determined that Robinson was not disabled within the meaning of the Social Security Act. (TR 24).

The ALJ's decision that Robinson is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied his request for review on September 16, 2008. (TR 1). Robinson has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## II.     GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

**III.    ANALYSIS**

On appeal, Robinson argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards for various reasons. Specifically, Robinson argues that the ALJ's hypothetical did not provide that his past jobs were sheltered and did not reflect the opinions of Dr. Shraberg. For the reasons set forth below, the Court rejects Robinson's argument and concludes that the ALJ's decision was based on substantial evidence and decided by the proper legal standards.

First, Robinson argues that the ALJ erred because his past relevant work was "sheltered" and this fact was not reflected in the hypothetical that was presented to the VE. The ALJ specifically rejected any depiction of Robinson's past jobs as "sheltered" finding that Robinson had a history of quitting jobs because he did not like them, not because he was incapable of performing the tasks required. This finding is supported by the record. Robinson left his truck loading position to go to the animal shelter because it was full-time and he would make more money. (TR 95). He left the animal shelter position because he did not like it. (TR 85). While Robinson had assistance finding jobs, there is no evidence that he required any special conditions in these two positions which could make the jobs "sheltered." Unlike the claimant in *Boyes v. Secretary of Health & Human Services*, 46 F.3d 510 (6th Cir. 1994), there is no evidence that Robinson's productivity was less than his coworkers or that he required any special accommodations or supervision. Thus, the ALJ's exclusion of this requirement from his hypothetical was supported by substantial evidence.

Second, Robinson argues that the ALJ erred because the hypothetical presented to the VE did not reflect Dr. Shraberg's opinions. The Court finds that the ALJ gave proper consideration to Dr. Shraberg's opinions and the limitations that the ALJ included in the hypothetical are supported by substantial evidence. In the October 2007 psychiatric assessment of Robinson, Dr. Shraberg

5

diagnosed Robinson with borderline intellectual functioning and an Asperger's-like syndrome. Dr. Shraberg also opined that he believed Robinson was not employable. The ALJ considered Dr. Shraberg's report but properly found that his opinion regarding employability was of little probative value as that finding is reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Additionally, as the ALJ noted, it was unnecessary for the ALJ to give Dr. Shraberg's opinions the deference afforded to treating physicians' opinions because there is no evidence of an ongoing treatment relationship between Dr. Shraberg and Robinson. Rather, it appears that Dr. Shraberg only evaluated Robinson in conjunction with the guardianship proceedings. (*See* 20 C.F.R. § 404.1527(d)(2)-(6); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004)(when weighing the various opinions and medical evidence, the ALJ must consider other pertinent factors, such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence and its consistency with the record as a whole).

The ALJ's hypothetical reflected limitations by examining psychologists, Dr. Stuart A. Cooke and Dr. Dennis B. Sprague. Dr. Cooke opined that Robinson's ability to understand, retain and follow instructions was fair; his ability to sustain attention for simple, repetitive tasks was fair; his ability to relate to other people was good; and his ability to tolerate the stress and pressures associated with daily work activity was good. (TR 235). Dr. Sprague diagnosed adjustment disorder with anxiety and borderline intellectual functioning. Dr. Sprague opined that Robinson had mild to significant impairments in his ability to perform work-related mental activities. (TR 279-80). The ALJ's decision is also supported by the reports of non-examining state agency physicians, Dr. Edward Stodola and Dr. Jay Athy. Dr. Stodola reviewed Dr. Cooke's assessment and found that it was consistent with the evidence and assigned it great weight. Dr. Athy reviewed Dr. Stodola's assessment and opined that it was correct. These opinions provide substantial evidence to support

6

the ALJ's findings regarding Robinson's RFC which were reflected in the hypothetical presented to the VE.

Accordingly, the Court finds that the ALJ's decision was supported by substantial evidence and the ALJ did not err in finding that Robinson can perform his past relevant work as a truck loader or animal shelter laborer. The ALJ's hypothetical accurately sets forth Robinson's functional limitations and it was proper for the ALJ to rely on the VE's testimony based on this hypothetical. The VE's testimony constitutes substantial evidence to support the ALJ's determination that Robinson can perform his past relevant work.

IV.   **CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS**:

(1)   the plaintiff's motion for summary judgment [DE #10] is **DENIED**;

(2)   the Commissioner's motion for summary judgment [DE #11] is **GRANTED**;

(3)   the decision of the Commissioner is **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4)   a judgment will be entered contemporaneously with this Opinion and Order.

This 21st day of December, 2009.



Signed By:
_Karl S. Forester_ KSF
**United States Senior Judge**

7